■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PABLO FELICIANO, Appellant. — Appeal held and decision reserved on appeal from judgment of conviction. Order entered October 23, 1963 denying motion to suppress evidence unanimously reversed and proceeding remanded to Erie County Court for further proceedings in accordance with memorandum. Memorandum: Defendant has been convicted following trial of violation of sections 1370 and 1372 of the Penal Law. Much of the evidence received at the trial was seized by peace officers in an apartment leased by appellant pursuant to a warrant signed on December 16, 1962 authorizing the search "on the person of (appellant) and others in the building" at 20 Wilkes Barre Avenue "Frame 2 story, upper and lower and all apartment [*sic*]". Upon the trial there was proof that there were four apartments in the building at this address and appellant leased the one described as "front upstairs". The affidavits upon which the search warrant was issued are vague as to which apartment was suspect. One affidavit did contain the statement that money was taken to the "bank" on the second floor of this address. This affidavit contained the further statement that one Rullan (apparently a codefendant herein) "lives in the same places [*sic*] as (appellant)." From these allegations and the warrant the People argue that the Magistrate may have concluded that several individuals were operating a lottery on the second floor. But there is no proof thereof in the record and it is entirely silent as to the use or occupancy of the first floor to establish **reasonable grounds** and probable cause for the search thereof. "The purpose of the requirement for particularity of description of the place and the person and things to be seized is to provide adequate means of identification which is not met by a generality commanding the search of an entire residential building when, as a matter of fact, probable cause exists for the search of but a single residential space located therein * * * the validity of the search warrant depends on whether the showing, at the time of issuance, satisfies fundamental

requirements as to the existence of probable cause and whether description of the premises to be searched and the person or things to be seized satisfy basic requirements. The paramount concern, then, is what transpires at the issuance of the warrant and not what occurs thereafter." (*People* v. *Rainey*, 14 N Y 2d 35, 38–39.) The notice of motion to suppress herein was based on the affidavit of appellant which in general language raised the issue of the insufficiency of the warrant. If presented upon the hearing, it was not adverted to in the memorandum of the court. There should be a new hearing and determination of the motion to suppress. (Cf. *People* v. *Ostolaza*, 19 A D 2d 871.) (Appeal from judgment of Erie County Court convicting defendant of contriving a lottery in violation of sections 1370 and 1372 of the Penal Law and possession of policy slips in violation of section 975 of the Penal Law.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.